# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-805V**

| | |
|---|---|
| HALEY FARO,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 17, 2026 |

*Matthew F. Belanger, Faraci Lange LLP, Rochester, NY, for Petitioner.*

*Mark K. Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 27, 2021, Haley Faro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccination on October 24, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 2, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On July 17, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $37,205.74, comprised of $35,000.00 for actual pain and suffering and $2,205.74 for past unreimbursable medical expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $37,205.74, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HALEY FARO,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Case No. 21-805V (ECF)<br>CHIEF SPECIAL MASTER CORCORAN |

## PROFFER ON AWARD OF COMPENSATION[1]

### I. Procedural History

On January 27, 2021, Haley Faro ("petitioner") filed a petition for compensation ("Pet.") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("the Vaccine Act" or "the Act"). Petitioner alleges that as a result of an influenza ("flu") vaccine that was administered on October 24, 2019, she suffered a left shoulder injury related to vaccine administration ("SIRVA"). Petion at 1.

On June 9, 2022, respondent filed his Rule 4(c) Report defending this case because petitioner did not suffer from a reduced range of motion and did not satisfy the six-month severity requirement. ECF No. 20 at 5-8. On November 6, 2023, petitioner moved for a ruling on the record. ECF No. 28. On February 23, 2024, respondent filed

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

his response to petitioner's motion. ECF No. 30. On February 2, 2026, the Court issued its Ruling on Entitlement, determining that petitioner satisfied all of the Table SIRVA requirements and the six-month severity requirement. ECF No. 33 at 9-13.[2]

## II. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$35,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$2,205.74.** *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's February 2, 2026, entitlement decision.

## III. <u>Form of the Award/Recommended Payment</u>

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [3]

A lump sum payment of $37,205.74, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Haley Faro.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISION
Assistant Director
Torts Branch, Civil Division

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division

[3] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED: July 17, 2026

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, July 17, 2026, a copy of the foregoing pleading was served by electronic mail to petitioner's counsel, Matthew F. Belanger, at mbelanger@faraci.com.

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED: July 17, 2026